Aimee B. Florin
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000

Attorneys for Defendant
Citigroup Technology, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM GIORSOS,

          Plaintiff,

    -v.-

CITIGROUP TECHNOLOGY, INC.

          Defendant.

07 CIV 9401 (LTS) (AJP)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................ 1

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT ................................................................................................... 3

I.    THE ARBITRATION POLICY MUST BE ENFORCED UNDER THE
      EXPRESS PROVISIONS OF THE FEDERAL ARBITRATION ACT ............... 3

      A.    Standards Regarding Arbitrability Under the FAA ................................... 3

      B.    Plaintiff's Acceptance Of Citi's Employment Arbitration Policy
            Constitutes An Agreement To Arbitrate .................................................. 4

      C.    All Of Plaintiff's Claims Fall Within the Scope of The Arbitration
            Agreement .......................................................................................... 8

      D.    Plaintiff's Discrimination Claims Against Citi Are Arbitrable ................. 8

CONCLUSION ............................................................................................... 10

## TABLE OF AUTHORITIES

### CASES

**Page**

*Arakawa* v. *Japan Network Group*,
  56 F. Supp. 2d 349 (S.D.N.Y. 1999).................................................................4, 5

*Bell* v. *Cendant Corp.*,
  293 F.3d 563 (2d Cir. 2003).....................................................................................7

*Berger* v. *Cantor Fitzgerald Securities*,
  967 F. Supp. 91 (S.D.N.Y. 1997) ............................................................................9

*Bishop* v. *Smith Barney, Inc.*,
  No. 97 Civ. 4807 (RWS), 1998 WL 50210 (S.D.N.Y. Feb. 6, 1998)...................5, 6

*Chanchani* v. *Salomon/Smith Barney Inc.*,
  No. 99 Civ. 9219 (RCC), 2001 WL 204214 (S.D.N.Y. Mar. 1, 2001)..............5, 6, 8

*Dean Witter Reynolds, Inc.* v. *Byrd*,
  470 U.S. 213 (1985).................................................................................................4

*DeGaetano* v. *Smith Barney, Inc.*,
  No. 95 Civ. 1613 (DLC), 1996 WL 44226 (S.D.N.Y. Feb 5. 1996) ....................6, 8

*Desiderio* v. *National Ass'n of Securities Dealers, Inc.*,
  191 F.3d 198 (2d Cir. 1999).....................................................................................9

*Duffy* v. *Drake Beam Morin, Harcourt Gen., Inc.*,
  No. 96 Civ. 5606 (MBM), 1998 WL 252063 (S.D.N.Y. May 19, 1998) .................1

*First Options, Inc.* v. *Kaplan*,
  514 U.S. 938 (1995).................................................................................................5

*Garten* v. *Kurth*,
  265 F.3d 136 (2d Cir. 2001).....................................................................................7

*Genesco, Inc.* v. *T. Kakiuchi & Co.*,
  815 F.2d 840 (2d Cir. 1987)..................................................................................4, 7

*Gilmer* v. *Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991)................................................................................................4, 8

*Johnson* v. *Long John Silver's Restaurants, Inc.*,
  320 F. Supp. 2d 656 (M.D. Tenn. 2004), *aff'd*, 414 F.3d 583 (6th Cir. 2005) ..........................7

*Lange* v. *Burlington No. R.R.*,
  835 F. Supp. 1104 (D. Minn. 1993)...........................................................................................6

*Lepera* v. *ITT Corp.*,
  No. 97-1461, 1997 WL 535165 (E.D. Pa. Aug. 12, 1997) ......................................................6

*Maye* v. *Smith Barney, Inc.*,
  897 F. Supp. 100 (S.D.N.Y. 1995) ...........................................................................................6

*Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth Inc.*,
  473 U.S. 614 (1985).................................................................................................................4

*Moses H. Cone Mem'l Hosp.* v. *Mercury Constr. Corp.*,
  460 U.S. 1 (1983).................................................................................................................3, 7

*Pitter* v. *Prudential Life Ins. Co.*,
  906 F. Supp. 130 (E.D.N.Y. 1995) ...........................................................................................9

*Rand* v. *J.C. Bradford & Co.*,
  No. 98 Civ. 4906 (DLC), 1998 WL 872421 (S.D.N.Y. Dec. 15, 1998) .................................10

*Roller* v. *Centronics Corp.*,
  No. 87 CIV. 5715 (JFK), 1989 WL 71200 (S.D.N.Y. June 22, 1989) ......................................6

*Salvatore* v. *KLM Royal Dutch Airlines*,
  No. 98 Civ. 2450 (LAP), 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999)....................................1

*Schuetz* v. *CS First Boston Corp.*,
  No. 96 Civ. 5557 (DC), 1997 WL 452392 (S.D.N.Y. Aug. 8, 1997) ........................................9

*Southland Corp.* v. *Keating*,
  465 U.S. 1 (1984).....................................................................................................................3

*Spencer-Franklin* v. *Citigroup/Citibank N.A.*,
  No. 06 Civ. 3475 (GBD), 2007 WL 521295 (S.D.N.Y. Feb. 21, 2007)....................................8

*Thomas James Assoc., Inc.* v. *Jameson*,
  102 F.3d 60 (2d Cir. 1996)........................................................................................................4

*Valdes* v. *Swift Transportation Co., Inc.*,
  292 F. Supp. 2d 524 (S.D.N.Y. 2003).......................................................................................9

*Van Slyke* v. *Commercial Credit Corp.*,
No. 95-CV-923 (RSP), 1995 WL 766399 (N.D.N.Y. Dec. 29, 1995)...................................6, 9

*Westinghouse Elec. Corp.* v. *New York City Transit Auth.*,
82 N.Y.2d 47, 603 N.Y.S.2d 404, 623 N.E.2d 531 (1993).......................................................9

## STATUTES

Americans With Disabilities Act, 42 U.S.C. §§ 12101 ...................................................................1

Federal Arbitration Act, 9 U.S.C. §§ 3-4.......................................................................................1

New York City Human Rights Law, NYC Admin. Code § 8-101 *et seq.* ........................................1

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ...............................................1

## INTRODUCTION

Defendant Citigroup Technology, Inc. ("Citi"), respectfully submits the following memorandum of law in support of its motion to compel arbitration of the claims asserted in the Complaint filed by Plaintiff William Giorsos ("Plaintiff"), a former employee of Citi, and to stay further proceedings in this Court pending the conclusion of those arbitration proceedings pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4.

## PRELIMINARY STATEMENT

Plaintiff's Complaint ("Cmplt."), a true and correct copy of which is attached as Exhibit 1 to Defendant's Notice of Motion, submitted herewith, alleges disability discrimination and retaliation under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, NYC Admin. Code § 8-101 *et seq.* ("NYCHRL").[1]

Citi has requested (in conversations with Plaintiff's counsel on at least two separate occasions and in writing prior to making this motion) that pursuant to Citi's arbitration policy, Plaintiff submit to arbitration the claims asserted in the Complaint. To date, Plaintiff has not agreed to arbitrate his claims, all of which are employment-related and within the scope of Citi's arbitration policy. Citi thus seeks the assistance of this Court, by motion, to enforce its right to a court order compelling Plaintiff to submit the dispute to arbitration, and to stay further litigation of Plaintiff's claims against Citi.

---

[1] It is well settled that the New York City Human Rights Law "applies only to acts occurring within the boundaries of New York City." *Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450 (LAP), 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999). Plaintiff did not work for Citi in New York City. Thus, the city law is inapplicable here and in the event that the Court does not grant the instant motion to compel arbitration, and Plaintiff does not voluntarily dismiss his city law claims, Citi reserves the right to make a motion to dismiss such claims at the appropriate time. *See also Duffy v. Drake Beam Morin, Harcourt Gen., Inc.*, No. 96 Civ. 5606 (MBM), 1998 WL 252063, at *12 (S.D.N.Y. May 19, 1998) (to state a claim under the city law, plaintiff must allege that he was discriminated against by the defendant within New York City and that the impact of the offensive conduct was felt in New York City).

## STATEMENT OF FACTS

Citi, a corporate entity within the Citigroup Corporate Center, hired Plaintiff on August 9, 2004 for a position in its Technology Infrastructure department where Plaintiff remained employed through his termination on or about December 15, 2006. (Cmplt. at ¶ 18; Declaration of Kathleen Curcio ("Curcio Decl.") at ¶¶ 1 and 3, attached to Defendant's Notice of Motion as Exhibit 2.)  At the time of Plaintiff's hire by Citi, Citi's standard new hire process required that all candidates who were selected for hire, including Plaintiff, would receive a written offer letter from Citi. (Curcio Decl. at ¶ 3 and Exhibit A.)  Citi's standard offer letter also references the New Hire Paperwork, and instructs the candidate to return the New Hire Paperwork with their signed offer letter. (*Id.*)

The New Hire Paperwork includes, *inter alia*, the Principles of Employment, which contains a mandatory arbitration provision. (Curcio Decl. at ¶ 4 and Exhibit B.)  Along with the New Hire Paperwork, the candidate also receives a copy of the Employee Handbook; among the policies set forth in the Handbook is an Employment Arbitration Policy ("Arbitration Policy"), which again provides for mandatory arbitration of all employment-related disputes. (Curcio Decl. at ¶ 5 and Exhibit C.)[2]  The Employee Handbook also is incorporated by reference in the offer letter. (Curcio Decl. at ¶ 3.)

---

[2] The Arbitration Policy in effect at the time of Plaintiff's hire explicitly provides that:

> [A]rbitration [is] the required and exclusive forum for the resolution of all employment disputes based on legally protected rights (i.e., statutory, contractual, or common law rights) that may arise between an employee or former employee and Citigroup Corporate Center . . . including, without limitation, claims, demands, or actions under, as amended, . . . the Americans with Disabilities Act of 1990 . . . and any other federal, state, or local statute, regulation or common law doctrine regarding employment discrimination, conditions of employment, or termination of employment, breach of contract or defamation.

Curcio Decl. at ¶ 5 and Exhibit C.

In order to accept Citi's offer of employment, all candidates are required to sign both the offer letter and the Principles of Employment, as well as the Employee Handbook acknowledgment of receipt form. (Curcio Decl. at ¶ 6 and Exhibits A, B and D.)

Plaintiff was hired by Citi while the new hire process described above was in effect and the Arbitration Policy was applicable. (Curcio Decl. at ¶ 7.) As a new hire and subsequently, as an employee, Plaintiff would have received all of the above referenced documents and would have acknowledged his receipt of the same, including his agreement to submit all employment related disputes to binding arbitration. (*Id.*) If he had not done so, he would not have been permitted to work at Citi. (*Id.*)

In his Complaint, Plaintiff alleges that while employed by Citi, he was discriminated against based on his "disability" and was "harass[ed]" and "fir[ed] . . . for his complaints about such harassment." (Cmplt. at ¶¶ 10-11.) By their very nature, Plaintiff's claims and causes of action – violations of the ADA and the New York State and City Human Rights Law – relate to his employment and the termination of his employment. Thus, they fall squarely within the scope of Citi's Arbitration Policy to which Plaintiff is subject. Accordingly, pursuant to the FAA, this Court must stay the litigation and compel Plaintiff to submit his claims and causes of action to arbitration.

## ARGUMENT

## I.    THE ARBITRATION POLICY MUST BE ENFORCED UNDER THE EXPRESS PROVISIONS OF THE FEDERAL ARBITRATION ACT

### A.    Standards Regarding Arbitrability Under the FAA

Where, as here, a dispute involves interstate commerce, the FAA requires enforcement of an agreement to arbitrate. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Southland Corp. v. Keating*, 465 U.S. 1 (1984). By its very terms, the Act leaves no

place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration. *Dean Witter Reynolds, Inc.* v. *Byrd*, 470 U.S. 213, 218 (1985). The strong federal policy in favor of arbitration requires that all doubts be resolved in favor of arbitration. *See, e.g., Gilmer* v. *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Thomas James Assoc., Inc.* v. *Jameson*, 102 F.3d 60, 65 (2d Cir. 1996); *Arakawa* v. *Japan Network Group*, 56 F. Supp. 2d 349, 352 (S.D.N.Y. 1999).

In order to determine whether a claim is arbitrable, the court must determine: (1) whether there is an agreement to arbitrate; (2) whether the claim falls within the scope of the agreement; and (3) if federal statutory claims are asserted, did Congress intended those claims to be non-arbitrable. *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626-28 (1985). *See also Genesco, Inc.* v. *T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987) (compelling claims to arbitration pursuant to multi-factored test). In the case at hand, each of these factors supports a finding that Plaintiff's claims must be compelled to arbitration.

**B.    Plaintiff's Acceptance Of Citi's Employment Arbitration Policy Constitutes An Agreement To Arbitrate**

As set forth above, in connection with Plaintiff's hire, he was provided with and required to sign at least two different documents setting forth his agreement to submit all employment-related disputes to binding arbitration. Also as set forth above, Plaintiff would not have been able to commence employment with Citi if he had not agreed to arbitrate all such disputes.

Indeed, it is Citi's standard operating procedure to distribute its Principles of Employment, containing a mandatory arbitration provision, and its Employee Handbook, containing its Arbitration Policy, to all candidates for employment with Citi. It is also Citi's standard operating procedure to require that all candidates for employment explicitly acknowledge their acceptance of Citi's Arbitration Policy prior to their commencing employment with Citi.

That Arbitration Policy, among other things, requires Plaintiff to submit to arbitration all disputes he has with any employee or agent of Citi arising out of his employment or the termination thereof. Specifically, Plaintiff agreed that arbitration is the "required and exclusive forum for the resolution of all employment disputes based on legally protected rights . . . including, without limitation, claims, demands, or actions under, as amended . . . the Americans with Disabilities Act of 1990 . . . and any other federal, state, or local statute, regulation, or common law doctrine regarding employment discrimination, conditions of employment, or termination of employment . . . ." (Curcio Decl. at ¶ 5 and Exhibit C at 42 (emphasis added).) The Arbitration Policy "applies to all persons employed by [Citi] and working in the United States as of January 1, 2001, and all employees joining [Citi] . . . after that date." (*Id.*)

A determination of whether Plaintiff has agreed to arbitrate is to be made in accordance with state contract law. *See First Options, Inc.* v. *Kaplan*, 514 U.S. 938, 944 (1995); *Arakawa*, 56 F. Supp. 2d at 352. Under New York law, parties may be bound to unsigned, written arbitration agreements which, as here, are incorporated into an employment agreement by virtue of their inclusion in an employee handbook or other similar policy document. *See, e.g., Chanchani* v. *Salomon/Smith Barney Inc.*, No. 99 Civ. 9219 (RCC), 2001 WL 204214, at *3 (S.D.N.Y. Mar. 1, 2001) (enforcing a similar arbitration agreement contained in defendant's employee handbook); *Bishop* v. *Smith Barney, Inc.*, No. 97 Civ. 4807 (RWS), 1998 WL 50210, at *5 (S.D.N.Y. Feb. 6, 1998) (same).

Plaintiff manifested his asset to the Arbitration Policy when he commenced employment with Citi after his receipt of the policy, which included a clear description of the policy's intent and its procedures and an express definition of the types of claims covered by the policy. *See Chanchani*, 2001 WL 204214, at *3 ("[b]ecause the Chanchanis continued to work at Smith

Barney even after the promulgation of the Interim Handbook, and never informed Smith Barney that they rejected its terms, they will be deemed to have accepted its provisions."); *Lepera* v. *ITT Corp.*, No. 97-1461, 1997 WL 535165, at *4 (E.D. Pa. Aug. 12, 1997) (applying New York law and enforcing arbitration policy where plaintiff "clearly and unequivocally continued to work after receipt of the [p]olicy and explanatory memorandum"); *Van Slyke* v. *Commercial Credit Corp.*, No. 95-CV-923 (RSP), 1995 WL 766399, at *2-3 (N.D.N.Y. Dec. 29, 1995) (unilaterally imposed dispute resolution policy constitutes agreement to arbitrate); *Lange* v. *Burlington No. R.R.*, 835 F. Supp. 1104, 1106 (D. Minn. 1993) (arbitration policy language in employee manual constitutes binding unilateral contract).

Courts in this District have consistently compelled arbitration pursuant to agreements and policies utilized by Salomon Smith Barney – an affiliate of Citi – which agreements and policies are substantively the same as the agreements and policies at issue here. *See, e.g., Chanchani*, 2001 WL 204214, at *3; *Bishop*, 1998 WL 50210, at *5-6 (compelling arbitration pursuant to arbitration provision in SSB's employee handbook); *DeGaetano* v. *Smith Barney, Inc.*, No. 95 Civ. 1613 (DLC), 1996 WL 44226, at *3 (S.D.N.Y. Feb 5. 1996) (compelling arbitration pursuant to SSB's "Principles of Employment" and employee handbook); *Maye* v. *Smith Barney, Inc.*, 897 F. Supp. 100, 105 (S.D.N.Y. 1995) (compelling arbitration pursuant to, *inter alia*, SSB's employee handbook).

Further, even though Citi has not yet been able to locate Plaintiff's personnel file which contains the executed copies of the documents at issue, as a matter of law in New York, Plaintiff has entered into an enforceable agreement to arbitrate. Indeed, while it is "axiomatic that a written provision is the *sine qua non* of an enforceable arbitration agreement . . . A party need not sign an arbitration agreement to be bound if he commits himself to it by actions or conduct." *Roller* v.

*Centronics Corp.*, No. 87 CIV. 5715 (JFK), 1989 WL 71200, at *2 (S.D.N.Y. June 22, 1989) (citation omitted). *See also Genesco*, 815 F.2d at 846 ("it is well-established that a party may be bound by an agreement to arbitrate even absent a signature.")

This is particularly true where, as here, Citi's standard operating procedure – as attested to by Ms. Curcio in her capacity as the Senior Human Resources Generalist for the group in which Plaintiff worked – <u>required</u> that all new hires sign the Principles of Employment and Citi's Employee Handbook, both of which contain a mandatory arbitration provision. (Curcio Decl. ¶¶ 1-7.) Moreover, as Ms. Curcio stated, if Plaintiff had not agreed to submit all employment-related disputes to binding arbitration, "he would not have been permitted to work at Citi." (*Id.* at ¶ 7.) *See Johnson* v. *Long John Silver's Restaurants, Inc.*, 320 F. Supp. 2d 656, 662 (M.D. Tenn. 2004) (compelling arbitration where standard operating procedure required new employees to sign agreement to arbitrate, notwithstanding employer's inability to locate signed agreement and plaintiff's claim that he "did not specifically remember signing an agreement to arbitrate . . . ."), *aff'd*, 414 F.3d 583 (6th Cir. 2005).

Under the circumstances of this case, there is no basis to say with "positive assurance" that Plaintiff's claims against Citi are not arbitrable. *See Garten* v. *Kurth*, 265 F.3d 136, 142 (2d Cir. 2001) ("presumption of arbitrability" may be "overcome only if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.") Further, to the extent there is any ambiguity regarding whether the Arbitration Policy applies to Plaintiff's claims against Citi, the FAA's "policy favoring arbitration requires that 'any doubts . . . be resolved in favor of arbitration.'" *Bell* v. *Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2003) (quoting *Moses H. Cone*, 460 U.S. at 24-25). Citi is therefore entitled to enforce its arbitration agreement with Plaintiff.

**C.    All Of Plaintiff's Claims Fall Within the Scope of The Arbitration Agreement**

Plaintiff's claims and causes of action – brought pursuant to the ADA and New York state and city law – are undeniably employment-related and thus, are within the scope of the Citi Arbitration Policy which expressly states that "arbitration [is] the required and exclusive forum for the resolution of all employment disputes . . . that may arise . . . under . . . the Americans with Disabilities Act of 1990 . . . and any other federal, state, or local statute, regulation or common law doctrine regarding employment discrimination, conditions of employment, or termination of employment. . . . "  (Curcio Decl. at ¶ 5 and Exhibit C at 42.)  Thus, there is an agreement to arbitrate and Plaintiff's claims fall within the scope of the agreement.

Indeed, courts in this District have repeatedly held that arbitration agreements such as this apply to the same or similar claims as Plaintiff asserts here.  *See, e.g., Spencer-Franklin* v. *Citigroup/Citibank N.A.,* No. 06 Civ. 3475 (GBD), 2007 WL 521295, at *4 (S.D.N.Y. Feb. 21, 2007) (granting defendants' motion to compel arbitration with regard to plaintiff's ADA claim); *Chanchani,* 2001 WL 204214, at *3 (compelling plaintiffs to arbitrate employment discrimination claims); *DeGaetano,* 1996 WL 44226, at *1 (same).

**D.    Plaintiff's Discrimination Claims Against Citi Are Arbitrable**

The conclusion that this action must be stayed, and Plaintiff compelled to arbitrate, is not only required by explicit statutory directive in the FAA, it is required by Congressional intent and Supreme Court precedent.  *See Gilmer* v. *Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991) (employment-based discrimination claims can be subject to compulsory arbitration pursuant to a written arbitration agreement).

The arbitrability of the instant matter is not affected by the nature of Plaintiff's claims. And, "the district courts in this circuit are . . . unanimous in holding that [statutory employment discrimination claims] are arbitrable." *Pitter* v. *Prudential Life Ins. Co.*, 906 F. Supp. 130, 139 (E.D.N.Y. 1995). *See also Desiderio* v. *National Ass'n of Securities Dealers, Inc.*, 191 F.3d 198, 204-05 (2d Cir. 1999) (compelling arbitration of statutory discrimination claims and finding that that there was no inherent conflict between the underlying purposes of the anti-discrimination laws and the "imposition of compulsory arbitration"); *Berger* v. *Cantor Fitzgerald Securities*, 967 F. Supp. 91, 92 (S.D.N.Y. 1997) (granting motion to compel arbitration of plaintiff's ADA claim). *Van Slyke*, 1995 WL 766399, at *4-5 (ADA claim is arbitrable).

It is also well settled that discrimination claims under New York law are arbitrable. *See Valdes* v. *Swift Transportation Co., Inc.*, 292 F. Supp. 2d 524, 530 (S.D.N.Y. 2003) (pre-dispute arbitration agreements have repeatedly been enforced to compel employment discrimination claims not just under federal anti-discrimination statutes, but also under New York law); *Schuetz* v. *CS First Boston Corp.*, No. 96 Civ. 5557(DC), 1997 WL 452392, at *4 (S.D.N.Y. Aug. 8, 1997) (NYSHRL claim is arbitrable). Indeed, "[i]t is firmly established that the public policy of New York State favors and encourages arbitration and alternative dispute resolutions . . . . Thus '[i]t has long been the policy of the law to interfere as little as possible with the freedom of consenting parties to achieve that objective.'" *Westinghouse Elec. Corp.* v. *New York City Transit Auth.*, 82 N.Y.2d 47, 603 N.Y.S.2d 404, 407, 623 N.E.2d 531 (1993) (citation omitted).

## **CONCLUSION**

The case law overwhelmingly requires: (a) that Plaintiff must be compelled to arbitrate his ADA and New York State and City Human Rights Law claims, which arise from his employment and the termination of his employment; and (b) that this litigation must be stayed. No other result is appropriate on the instant facts. *See Rand* v. *J.C. Bradford & Co.*, No. 98 Civ. 4906 (DLC), 1998 WL 872421, at *5 (S.D.N.Y. Dec. 15, 1998) (dismissing plaintiff's complaint where all claims are arbitrable).

Accordingly, Defendant Citigroup Technology, Inc. respectfully requests that the Court grant its motion in its entirety.

Dated: New York, New York
       December 21, 2007

                                       Respectfully submitted,

                                       ORRICK, HERRINGTON & SUTCLIFFE LLP

                                       Attorneys for Defendant Citigroup Technology, Inc.

By: _____
                Aimee B. Florin
                666 Fifth Avenue
                New York, New York 10103
                212-506-5000